UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARCUS TURNER,<br><br>                      Plaintiff(s),<br><br>    v.<br><br>HARVARD MEDTECH OF NEVADA, LLC, et al.,<br><br>                      Defendant(s). | Case No. 2:22-CV-1264 JCM (BNW)<br><br>ORDER |

       Presently before the court is defendants Harvard MedTech of Nevada, LLC ("HMT") and Kuldarshan S. Padda's ("defendants") motion to dismiss. (ECF No. 18). Plaintiff Marcus Turner ("plaintiff") filed a response in opposition (ECF No. 19), to which defendants replied (ECF No. 23).

**I.    Background**

       Throughout 2020, plaintiff was the chief technology officer and chief architect at a company he founded. (ECF No. 17 at 3). Over the course of 2020, plaintiff was recruited by multiple companies for executive suite technology roles, including by Padda, for an executive position. (*Id.*). Padda is the chief executive officer of HMT. (*Id.* at 2). In October 2020, the parties negotiated an oral employment agreement (the "employment agreement"). (*Id.* at 4). Plaintiff received at least one other employment offer but accepted defendants' offer. (*Id.*). Between October 2020 and September 2021, plaintiff worked as HMT's chief technology officer and senior vice president of technology. (*Id.*). The parties' employment agreement allegedly specified that plaintiff would work through the end of the year on a part-time basis starting October 2020. (*Id.*) Additionally, for the calendar year of 2021, plaintiff would receive market

**James C. Mahan**
**U.S. District Judge**

rate salary, stock options with a four-year earn in at 0.25 percent per year, and time off with pay and reimbursement for business travel and out-of-pocket expenses. (*Id.*).

Beginning in December 2020, issues regarding the employment agreement arose. (*Id.*). Defendants allegedly represented that they could not afford to pay plaintiff the market-rate agreed upon in the employment agreement. (*Id.*). Plaintiff and defendants negotiated amendments to correct the defendants' alleged failure to adhere to the employment agreement. (*Id.*). The negotiations stipulated that plaintiff would onboard as a "(TX) IT TECH" to afford health insurance to plaintiff. (*Id.*). Defendants allegedly promised to adjust plaintiff's salary to market-rate to take effect July 2021, and defendants further promised to "write a check" for the difference between market-rate salary earned between January and June of 2021, including the partial salary paid during October and December 2020. (*Id.*). Plaintiff assumed a full-time role for defendants in January of 2021, working more than forty hours per week. (*Id.*). Defendant Padda continued to introduce plaintiff to HMT staff as chief technology officer and senior vice president of technology. (*Id.*).

Similar issues allegedly arose at the end of June 2021, and plaintiff and defendants amended the employment agreement again, allowing defendants more time to satisfy their obligations. (*Id.* at 5). Defendants adjusted plaintiff's salary to $175,000, below the market-rate promised by the defendants. (*Id.*). Defendants allegedly made oral promises of another salary adjustment to the market-rate to take effect in October 2021, and to "write a check" for the difference between market-rate salary earned between January to August 2021. (*Id.*).

In late July 2021, leading into the following two months, plaintiff and defendants continued to negotiate a compromise as to the terms of the employment agreement to no avail. (*Id.* at 5-6). Defendants terminated plaintiff's employment in a termination letter on or about September 16, 2021. (*Id.*).

Plaintiff filed the initial action in Texas state court and removed it to the U.S. District Court for the Western District of Texas. (ECF No. 1). That court ordered the case be transferred to this district, on account of its lack of personal jurisdiction over both defendants. (ECF No. 11).

**James C. Mahan**
**U.S. District Judge**

Plaintiff, then proceeded to file a first amended complaint in this court, bringing five claims: (1) breach of contract; (2) declaratory judgment; (3) luring employee under false pretenses under Nevada Revised Statute ("NRS") § 613.010; (4) promissory estoppel, and (5) unjust enrichment (in the alternative). (ECF No. 17).

Defendants now move to dismiss the first amended complaint in full under Rule 8(a)(2) for failure to contain a short plain statement of the claim showing that the pleader is entitled to relief, Rule 9(b) for failure to state with particularity the circumstances constituting fraud or mistake, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 18).

## II.  Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  alleges facts that allow the court to draw a reasonable inference that the defendant is liable for
2  the alleged misconduct. *Id.* at 678.
3        Where the complaint does not permit the court to infer more than the mere possibility of
4  misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."
5  *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the
6  line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at
7  570.
8        The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d
9  1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

Allegations of fraud are subject to a heightened pleading standard.  See Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud . . . .").  Rule 9(b) operates "to give defendants notice of the particular misconduct which is alleged," requiring plaintiffs to identify "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (citations omitted).  "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Id.* (citations omitted).

If the Court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**James C. Mahan**
**U.S. District Judge**

The Court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)(en banc)(internal marks omitted).

### III. Discussion

On September 21, 2022, defendants filed a motion to dismiss (ECF No. 16) requesting a dismissal of plaintiff's initial complaint. On October 4, 2022, plaintiff filed his first amended complaint (ECF No. 17). Because the first amended complaint supersedes the initial complaint, defendants' initial motion to dismiss filed on September 21, 2022, is DENIED, as moot, and requires no further action.

### **A.** Motion to Dismiss the First Amended Complaint for Failure to State a Cause of Action

Defendants argue that plaintiff fails to plead a claim that states a cause of action against. Padda with sufficient specificity and particularity because the first amended complaint provides no facts setting out a plausible case against him as required by Rule 9(b), nor does it give defendant Padda fair notice as required by Rule 8. (ECF No. 19). Additionally, the defendants argue that plaintiff's use of the term "defendants" throughout the first amended complaint without specifying facts pertaining to each defendant violates the requirements of Rules 8 and 9. (ECF No. 19).

Plaintiff argues that the first amended complaint exceeds the pleading requirements under Rules 8 and 9 because it (1) identifies the relationship between the defendants; (2) alleges the how, when and why defendants wronged plaintiff; (3) pleads the "who, what, when, where, and how" in support of the N.R.S 613.010 and promissory estoppel claims; and (4) has collective allegations that are permissible to survive a motion to dismiss. (ECF No. 23).

Under Rule 9(b), a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This means the plaintiff must allege "the who, what, when, where, and how of the misconduct charged," including what is false or misleading about a statement, and why it is false. *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

James C. Mahan
U.S. District Judge

- 5 -

"[M]ere conclusory allegations of fraud are insufficient." *Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987), *overruled on other grounds as stated in Flood v. Miller*, 35 Fed. Appx. 701, 703 n.3 (9th Cir. 2002). Broad allegations that include "no particularized supporting detail" do not suffice, *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001), but "statements of the time, place and nature of the alleged fraudulent activities are sufficient." *Wool*, 818 F.2d at 1439.

In a case with multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotation marks and citation omitted). Thus, a plaintiff alleging claims against multiple defendants must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme to satisfy the fraud pleadings rule. *Id.*

Fraud claims against corporate or business entities require allegations that specifically identify names of individuals who made the misrepresentation, that those individuals had authority to speak for the corporation, and state what was said or written and when. *Gage v. Cox Commc'ns, Inc.*, No. 2:16-CV-02708-KJD-GWF, 2017 WL 1536219, at *2 (D. Nev. Apr. 27, 2017) (citing *Smith v. Accredited Home Lenders*, No. 2:15-CV-01130-KJD-VCF, 2016 WL 1045507, at *2 (D. Nev. 2016)).

Plaintiff asserts in the first amended complaint that Padda and HMT would be collectively referred to as "defendants" and addresses the business relationship between the defendants as Padda being the chief executive officer of defendant HMT. (ECF No. 18). However, "[f]raud claims against corporate or business entities require allegations that specifically identify names of individuals who made the misrepresentation, that they had authority to speak for the corporation, and what was said or written and when." *Gage* 2017 WL 1536219, at *2 (quoting *Smith*, 2016 WL 1045507, at *2).

In the first amended complaint, plaintiff alleges that Padda is the chief executive officer for HMT but fails to distinguish between each defendant's individual acts and both defendants'

James C. Mahan
U.S. District Judge

- 6 -

collective acts. Plaintiff must allege separately and with particularity each defendant's participation in the alleged fraud to satisfy Rule 9's heightened requirement for fraud claims and put the individual defendants on notice of the allegations against them. *See Swartz*, 476 F.3d at 764-65. Although, the first amended complaint provides claims referencing "defendants" throughout, those claims insufficiently allege which defendant committed the purported fraud under Rule 9(b). Plaintiff simply relies on the grouping of both defendant as the "defendants" as sufficient notice for the defendants.

Plaintiff has failed to provide adequate notice of a plausible cause of action and to state a claim upon which relief can be granted. Therefore, count 3 of plaintiff's first amended complaint, which alleges luring an employee under false pretenses under N.R.S. § 613.010, is dismissed without prejudice.

Additionally, counts 1 and 2, breach of contract and declaratory judgment, respectively, of the first amended complaint are dismissed without prejudice. As determined above, the first amended complaint fails to differentiate the claims between each of the defendants separately and with particularity. Therefore, count 1 fails for the same reason and is dismissed without prejudice.

Moreover, "a declaratory judgment may be refused where it would serve no useful purpose . . . ." *McGraw-Edison Co. v. Preformed Line Prods. Co.*, 362 F.2d 339, 343 (9th Cir. 1966). Declaratory relief does not serve a useful purpose when "it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein . . . ." *Id.* Thus, "a court may decline to hear a claim for declaratory relief if adjudication of the issues raised in other claims would fully and adequately determine all matters actually in controversy between the parties." *Philips Med. Capital, LLC v. Medical Insights Diagnostics Ctrs., Inc.*, 471 F. Supp. 2d 1035, 1048 (N.D. Cal. 2007).

Here, the breach of contract claim and the attendant extra-contractual claims will necessarily require the court to interpret the employment agreement. The issues within the agreement will be determined through adjudication of the other claims. Therefore, a separate

**James C. Mahan**
**U.S. District Judge**

- 7 -

prayer for declaratory relief serves no independent purpose, and the court dismisses that particular claim, with prejudice because amendment would be futile.

Finally, counts 4 and 5 alleging promissory estoppel and unjust enrichment (in the alternative), respectively, fail due to the indiscriminate grouping of the defendants. Plaintiff groups the defendants together and makes claims against the defendants without distinguishing which defendant committed the alleged fraud or which defendant was unjustly enriched by his employment. Plaintiff fails to distinguish which defendant made which promise that he relied on, nor does he distinguish which defendant benefitted and how that defendant benefitted from the work he conducted while employed for HMT. Therefore, counts 4 and 5 are dismissed without prejudice.

Apart from count 2, which fails as a matter of law because it is duplicative, plaintiff could conceivably cure the deficiencies in his pleading. Therefore, amendment would not be futile, and the court grants leave to amend the complaint within thirty days.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 18) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' first, third, fourth, and fifth claims in first amended complaint (ECF No. 17) be, and the same hereby are, DISMISSED, without prejudice. Defendants' second claim is dismissed, with prejudice.

IT IS FURTHER ORDERED that defendants' initial motion to dismiss (ECF No. 16), be, and the same hereby DENIED, as moot.

IT IS FURTHER ORDERED that plaintiff shall have thirty days to file a second amended complaint.

DATED February 8, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**