UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Marcus Turner,<br><br>                    Plaintiff,<br><br>        v.<br><br>Harvard MedTech of Nevada, LLC, et al.,<br><br>                    Defendants. | Case No. 2:22-cv-01264-JCM-BNW<br><br>**ORDER** |

Before the Court is Defendant Harvard MedTech's ("HMT") Renewed Motion to Exclude Plaintiff's Damages. ECF No. 102. Plaintiff opposed and HMT replied. ECF Nos. 104, 107. The Court heard the parties' arguments on June 7, 2024. ECF No. 111. For the reasons discussed below, the Court denies HMT's motion but awards it certain attorney's fees and costs.

**I.    BACKGROUND**

On November 4, 2022, Plaintiff submitted his initial disclosures, which contained no information regarding damages. ECF No. 86-1. Two months later, Plaintiff supplemented his initial disclosures, in which he claimed:

> The total computation of Turner's damages cannot be completed at this time, but includes and is not limited to: (1) wages, salary or compensation in an amount in excess of $300,000; (2) reimbursement of expenses and PTO in an amount in excess of $15,000; (3) value of Mr. Turner's owed equity in Harvard MedTech; and (4) prejudgment and postjudgment interest in an amount to be determined.

*Id.*

HMT filed its first motion for sanctions on November 7, 2023. ECF No. 86. In that motion, HMT sought to exclude Plaintiff's damages for "wages salary or compensation" and "owed equity in Harvard MedTech." *Id.* at 7. HMT argued that the initial and first supplemental disclosures violated Federal Rule of Civil Procedure 26(a) because they "provided no meaningful information in terms of itemization or computation of damages." *Id.* at 11. While the Court denied HMT's motion to exclude the damages, it found that Plaintiff did not comply with Rule 26(a). ECF No. 96 at 4. Specifically, the Court found that Plaintiff did not disclose a computation

of its claimed losses. *Id.* at 4–5. Thus, the Court directed Plaintiff "to provide a more fulsome damages calculation as to both categories of damages." *Id.* at 6.

Plaintiff made his second supplemental disclosures on January 17, 2024. ECF No. 102-1. His damages statement claimed, in part:

> (1) Wages, salary or compensation as follows:
>     a. Annual Base Salary of at least $255,000 - $298,000
>     b. Bonus Compensation of at least $89,250 - $104,300
>     c. Long-Term Incentive Compensation of at least $586,500 - $685,400
>     d. Total Direct Compensation of at least $930,750 - $1,087,700

*Id.* at 7–8.

In its renewed motion, HMT argues that this second supplement does not comply with Rule 26(a) or the Court's previous order. ECF No. 102. At the hearing, the Court clarified that the "total direct compensation" amount included the category of damages that Plaintiff previously labeled "owed equity." The Court further confirmed HMT was seeking to exclude only the above damages category of "wages, salary or compensation." Thus, the Court examines (1) whether the above damages statement complies with Rule 26(a), and (2) if so, whether the Court should exclude this category of damages.

II.     ANALYSIS

A defendant may move for sanctions under Rule 37(c) when it believes that a plaintiff has failed to comply with the Rule 26(a) disclosure requirements. Fed. R. Civ. P. 37(c). In evaluating a motion for sanctions under Rule 37(c), the Court uses a two-step process. First, the Court considers whether the party requesting discovery sanctions met its burden of establishing that the opposing party failed to comply with the disclosure requirements. *Silvgani v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241–42 (D. Nev. 2017). Second, so long as the movant meets its initial burden, the Court examines whether the party opposing sanctions demonstrates that its failure to comply with the disclosure requirements was either substantially justified or harmless. *Id*. The party is not required to show both substantial justification and harmlessness. *Granados v. Northern Nevada High Speed*, LLC, 2014 WL 5503118, *6 (D. Nev. October 30, 2014).

### A.  Step 1: Disclosures Under FRCP 26(a)

Rule 26(a)(1)(A) requires parties to provide initial disclosures to the opposing side before any discovery requests. Early disclosure assists "the parties in focusing and prioritizing their organization of discovery." *City and Cnty of San Francisco v. Tutor–Saliba Corporation*, 218 F.R.D. 219, 221 (N.D. Cal. 2003). As part of these initial disclosures, a party must provide:

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii).

Rule 26(a) does not elaborate on what level of detail is required. However, the disclosure should be more detailed the closer it is to the end of discovery. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284 295–96 (2d Cir. 2006). The word "computation" contemplates some analysis beyond a lump sum amount for claimed damages. *Tutor–Saliba Corporation*, 218 F.R.D. at 221. *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 240 (D. Nev. 2017). "A plaintiff's computation of damages should provide sufficient detail to enable the defendant to understand the contours of its potential exposure and make informed decisions regarding settlement and discovery." *Jones v. Wal-Mart Stores, Inc.*, No. 2:15-CV-1454-LDG-GWF, 2016 WL 1248707, at *3 (D. Nev. Mar. 28, 2016). Even if the plaintiff cannot determine the specific dollar amount of damages, it should "disclose the basic method or formula by which it contends its damages should or will be calculated." *Id.* (citing *Heerden v. Board of Sup'rs of LSU*, 2011 WL 293758, *8 (M.D. La. 2011)).

Importantly, "[w]hile a party may not have all of the information necessary to provide a computation of damages early in the case, it has a duty to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011). As Rule 26(a) makes clear: "A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the

sufficiency of another party's disclosures or because another party has not made its disclosures." Fed. R. Civ. P. 26(a)(1)(E).

Here, considering that discovery closes on June 28, 2024, Plaintiff's second supplemental disclosure still lacks a sufficient computation. It has been one and a half years since Plaintiff produced his initial disclosures, and he has yet to compute his losses or provided a formula by which his damages will be calculated. *See* ECF No. 86-1 (initial disclosures produced on November 4, 2022). Consequently, his disclosures do not enable Defendants to understand their liability. *See Jones*, 2016 WL 1248707, at *3. As the Court stated in its previous order on this same issue, there is "no concrete information as to Plaintiff's losses." ECF No. 96 at 4. For example, Plaintiff broadly claimed that he is owed a base salary between $255,000 - $298,000, but he did not state the salary he received at HMT nor the period he worked there, both of which are necessary to calculate his losses.[1] Moreover, Rule 26(a) requires Plaintiff to make the evidentiary information upon which he bases his calculations available for Defendants to inspect and copy. Fed. R. Civ. P. 26(a)(1)(A)(iii).[2] In sum, Defendants still do not know how much of the disclosed base-salary range—or bonus or long-term incentive compensation ranges—Plaintiff seeks to recover.

**B. Step 2: Exclusion of Damages Under FRCP 37(c)**

Rule 37(c)(1) allows courts to impose a variety of sanctions if a party fails to provide information as required by Rule 26(a) or (e). Such sanctions include exclusion of that information (unless the failure was substantially justified *or* harmless), payment of reasonable attorney's fees, and "other appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(A)–(B). The disclosing party bears the

---

[1] To determine Plaintiff's salary losses, one would need to determine the difference between the actual salary and promised salary in relation to the time worked.

[2] The Court recognizes that this Rule does not require Plaintiff to produce documents as part of its initial disclosures. In its prior order, the Court stated that "Plaintiff should have provided more than it did (including any documents supporting his calculation)" and that "any W-2s received or W-9s prepared, together with any other documentation pertinent to lost compensation, should have accompanied the disclosure." ECF No. 96 at 4. To reiterate, while the Rule does not require this, in a case such as this one, it is typically best practice to do so.

burden to show that the failure to disclose was substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). There are four factors that may guide a court in determining whether a violation of a discovery deadline is justified or harmless: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) likelihood of disruption of the trial; (4) bad faith or willfulness involved in not timely disclosing the evidence. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).

      Plaintiff, who has the burden to show that his actions were substantially justified or harmless, argues as to each of the above factors. ECF No. 104 at 14–16. Regarding the first, second, and fourth factors, Plaintiff argues that HMT cannot be surprised or prejudiced, and that there is no bad faith, because HMT possesses the documents and information in question and has refused to participate in discovery. *Id*. As to the third factor, Plaintiff argues that "defendant cannot legitimately claim that admission of this evidence would disrupt trial, given that Defendant has long been aware of the damages computation and evidence in this case . . . ." *Id.* at 15.

      The Court is unconvinced by Plaintiff's arguments placing the blame on HMT for not participating in discovery and for already possessing the relevant documents. Under Rule 26(a), it is Plaintiff's responsibility to provide a computation of his damages and to make available supporting documents. Fed. R. Civ. P. 26(a)(1)(A). Plaintiff still has not provided a sufficient computation nor made his supporting documents available to HMT despite the Court's previous order. Moreover, Plaintiff cannot cure the prejudice that HMT faced in having to litigate this case with minimal information regarding damages. Additionally, the Court rejects Plaintiff's argument that HMT has "long been aware of the damages computation and evidence in this case" because, as the Court stated in its prior order, Plaintiff has not provided Defendant with sufficient disclosures as to a damages computation. ECF No. 96 at 6. Thus, Plaintiff has not met his burden to show substantial justification or harmlessness.

      Rule 37(c) does not require courts to sanction parties by excluding evidence when they fail to comply with Rule 26(a). *See Design Strategy, Inc. v. Davis*, 469 F.3d at 296, 298 (2d Cir.

2006). In *Wendt v. Host International, Inc.*, the Ninth Circuit considered whether the district court properly excluded certain evidence due to counsel's failure to disclose damages evidence and late disclosure of experts. 125 F.3d 806, 814 (9th Cir. 1997). Upon concluding that the order excluding evidence was no longer proper, the Ninth Circuit stated:

> *Wanderer v. Johnston,* 910 F.2d 652, 656 (9th Cir.1990), requires us to determine whether a [severe] sanction is proper under a five-factor test analyzing: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the [other parties]; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions.

*Id.*

Here, excluding evidence of Plaintiff's "wages, salary or compensation" damages is a severe sanction that would effectively result in a dismissal of Plaintiff's claims. *See R & R Sails, Inc. v. Insurance Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012) (concluding that the district court needed to consider lesser sanctions and the party's bad faith before excluding damages evidence that effectively disposed of the case). The Court considers this exclusion sanction under the five factors discussed in *Wendt*. 125 F.3d 806, 814 (9th Cir. 1997). While excluding this evidence would weigh in favor of the public's interest in expeditious resolution of litigation (factor one) and the Court's need to manage its docket (factor two) by narrowing the case significantly, such exclusion would clearly prejudice Plaintiff (factor three). Moreover, the fact that public policy favors disposition of cases on their merits (factor four) and that less drastic sanctions are available here weighs in favor of not excluding the damages evidence. Because three factors, including the "key factors," weigh against excluding the damages, the Court will not impose HMT's requested exclusion sanction. *See Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) ("[T]he key factors are prejudice and availability of lesser sanctions.").

Although the damages exclusion sanction is not warranted, the imposition of lesser sanctions against Plaintiff is justified. *See Jones v. Wal-Mart Stores, Inc.*, No. 2:15-CV-1454-LDG-GWF, 2016 WL 1248707, at *7 (D. Nev. Mar. 28, 2016). This is the Court's second time addressing the issue. ECF No. 96. It did not previously impose sanctions because it found that the conduct was harmless and that any prejudice could be cured by a supplemental disclosure. *Id.*

While Plaintiff's second supplemental disclosure is better than its previous disclosures, it is still insufficient as explained above. Sanctions are now appropriate. Rule 37(c)(1) allows—but does not require—courts to impose "appropriate sanctions," including reasonable attorney's fees, if a party fails to provide information as required by Rule 26(a) or (e). Fed. R. Civ. P. 37(c)(1)(A)–(B). Thus, the Court awards HMT its attorney's fees and costs incurred in seeking renewed sanctions.

### III. CONCLUSION

**IT IS ORDERED** that HMT's Renewed Motion for Sanctions (ECF No. 102) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff pay HMT its reasonable attorney's fees and costs for bringing the renewed motion for sanctions. The parties are to meet and confer within 10 days of this order regarding reasonable attorney fees. To the extent no agreement is reached, HMT is to file a memorandum of costs listing the reasonable attorney's fees it incurred.

**IT IS FURTHER ORDERED** that discovery and certain deadlines be extended 120 days as follows:

   Discovery Deadline: October 28, 2024

   Dispositive Motions: November 26, 2024

   Proposed Joint Pretrial Order: December 27, 2024

**IT IS FURTHER ORDERED** that Plaintiff's third supplement to his initial disclosures be delivered to Defendants by July 5, 2024. Plaintiff must read all Ninth Circuit case law before presenting his supplement to Defendants. This is Plaintiff's last opportunity to properly supplement his damages statement and calculation. Failure to do so may result in future sanctions, including exclusion of evidence or dismissal of the case. *See* LR IA 11-8.

**IT IS FURTHER ORDERED** that, to the extent each party wishes to supplement their expert or rebuttal disclosures in light of this order, they have until September 26, 2024, to do so.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time (ECF No. 113) and Request for Order Shortening Time (ECF No. 114) are denied as moot.

DATED: June 14, 2023.

```
                                        _____
                                        BRENDA WEKSLER
                                        UNITED STATES MAGISTRATE JUDGE
```